UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN CHARLES CAREY, | Case No.: 1:13-cv-00669-SAB (PC) |
| Plaintiff, | ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS IDENTIFIED HEREIN |
| v. | |
| A. ALPHONSO, et al., | |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff Nathan Charles Carey is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on May 8, 2013.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names Doctor A. Alphonso, correctional officer Marquez, Ascevito, Southland, and Sergeant Ponder as Defendants in this action.

Plaintiff suffers from a back injury. While incarcerated at the Sierra Conservation Center (SCC) in Jamestown, he was given a temporary lower bunk. In January 2012, Plaintiff was transferred to California Substance Abuse and Treatment Facility at Corcoran State Prison, where he is currently incarcerated. Prison staff did not accommodate Plaintiff's medical chrono for a lower bunk. Plaintiff spent the first six months in excruciating pain as he was housed on the top tier on a top bunk. During that time, he begged for x-rays and an MRI. These examinations proved that Plaintiff suffers from severe nerve damage. Doctor A. Alphonso continued to deny that Plaintiff was in need of a lower bunk/lower tier chrono. Plaintiff continued to experience loss of functionality in his hips and knees from the nerve damage and he remains in constant sometimes debilitating pain. Plaintiff filed appeal after appeal, which were all denied.

On November 13, 2012, the bunks in building 1 were raised due to a court order related to wheelchair accessibility. Plaintiff informed the building correctional officer Ascevito, if the bunks were going to be increased in height by one and one half feet, he would not be able to be housed in that building because he already experienced pain from the top bunk. Officer Ascevito and officer Southerland looked at each other and laughed.

On November 20, 2012, when Plaintiff returned from his job assignment, officer Ascevito stopped him and told him the only way he would move Plaintiff is if he provided a name and CDC number of an inmate who was threatening Plaintiff. Fifteen minutes after Plaintiff arrived back in the building, the announcement was made that the bunks were going to be increased in height at 10:00 a.m. Plaintiff immediately expressed his medical concerns to officer Ascevito who informed Plaintiff he could not be moved.

At 4:30 p.m., officer Marquez found Plaintiff standing next to his bunk. Officer Marquez advised Plaintiff to visit him after the inmate count was complete. When Plaintiff went to his office with all of his medical documents, officer Marquez agreed that Plaintiff should have a lower bunk, but nothing could be done without a chrono from a doctor. Officer Marquez spoke with Sergeant Ponder, who told Marquez to write Plaintiff a disciplinary violation for delaying a peace officer.

On November 21, 2012, Plaintiff could not get on the top bunk and received a second disciplinary violation.

On November 22, 2012, Plaintiff again advised prison officials that he would not get on the top bunk. At this time, he had removed his mattress to the floor and was sleeping there at night. On this same day, Sergeant Ponder and three or four other correctional officers went to Plaintiff's cell to harass and threatened Plaintiff about the issue.

Plaintiff was found guilty of both disciplinary violations and assessed ninety days loss of credits, ninety days loss of yard, ninety days loss of telephone, as well as forty hours of extra duty. During both the hearings, Lieutenants Coffee and Ballagher agreed that if Plaintiff could demonstrate the need for a lower bunk, the disciplinary violations would be reversed.

Plaintiff finally received a chrono for a lower bunk from a different doctor.

///

When Plaintiff attempted to have his disciplinary violations reversed, he was advised that it was untimely. All of Plaintiff's disciplinary violations were referred to his counselor for program review. His counselor advised Plaintiff that staff was tired of dealing with him and he was instructed to be transferred. Plaintiff was reclassified to a level 3 and transferred.

Plaintiff presently has difficulty walking and has continuous progressive pain in his back which radiates to his hips and knees.

## III.

## DISCUSSION

### A.   Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

   1.   Defendant Doctor A. Alphonso

The Court finds that Plaintiff's allegations are sufficient to state a claim against Defendant Dr. Alphonso for failure to provide Plaintiff with a medical chrono for a lower bunk bed and tier. Plaintiff claims that the failure to provide him with a medically appropriate bunk and cell assignment caused him to suffer severe, disabling pain in the course of accessing his top bunk. This is sufficient to support an Eighth Amendment claim at the pleading stage against Doctor Alphonso.

///

4

2.     Defendants Marquez, Ponder, Ascevito, and Southerland

Plaintiff fails to state a cognizable claim for deliberate indifference against Defendants Marquez, Ponder, Ascevito, and Southerland.

Plaintiff fails to link any of the named Defendants to an affirmative act or omission to demonstrate that any of these Defendants knew of or disregarded an excessive risk to Plaintiff's safety. While Plaintiff alleges that he advised these Defendants of a need for a medical chrono because of his back injury, there is no allegation that any of these Defendants had the ability as non-medical personnel to authorize Plaintiff to be housed in a lower bunk without a chrono issued from a medical doctor. Absent such evidence, Plaintiff fails to state a cognizable constitutional violation against these Defendants. The Court will grant the opportunity to file an amended complaint, if he desires to do so.

## IV.

## CONCLUSION AND ORDER

Plaintiff's complaint states a cognizable claim against Defendant Doctor Alphonso for deliberate indifference to a serious medical need in violation of the Eighth Amendment. Plaintiff has not sufficiently alleged facts for any other claims against any of the other named Defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claim for excessive force against Defendant Alphonso, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and Defendants, and will forward Plaintiff one (1) summons and one (1) USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to

have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint. Finally, Plaintiff is advised that, should he choose to amend, he may not bring unrelated claims in the same action.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

///

///

   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Alphonso for deliberate indifference; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **February 19, 2014**

UNITED STATES MAGISTRATE JUDGE