UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN CHARLES CAREY,<br><br>          Plaintiff,<br><br>     v.<br><br>A. ALPHONSO, et al.,<br><br>          Defendants. | Case No.: 1:13-cv-00669-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>[ECF No. 22] |

Plaintiff Nathan Charles Carey is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's motion for appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff contends that he has had to learn the law and procedures pertaining to section 1983 cases and has become confused and overwhelmed by the steps required to pursue this case. He contends he cannot effectively exercise his rights to continue this case without proper representation. To date, Plaintiff has been able to articulate his claims and respond to the Court's orders. Although legal matters can be inherently complex, this factor is common to all prisoner litigation handled by pro se litigants. The instant case does not present extraordinary legal or factual complexity, as Plaintiff is proceeding on a claim of deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendant Doctor Alphonso only, who is represented by the California Attorney General's Office. Accordingly, Plaintiff has failed demonstrate exceptional circumstances to warrant the appointment of counsel and his motion is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **December 5, 2014**

UNITED STATES MAGISTRATE JUDGE